[No. 14294. Department Two. February 18, 1918.]

HELEN B. PILON, *Respondent,* v. ANNA L. LINDLEY, *formerly Anna L. Minkler, Appellant.*[1]

APPEAL—REVIEW—NEW TRIAL. The denial of a new trial for insufficiency of the evidence will not be disturbed on appeal where the evidence was conflicting and its credibility was for the jury.

WITNESSES—IMPEACHMENT—CROSS-EXAMINATION. In an action for alienation of a husband's affections, in which the defendant, testifying in her own behalf, offered a letter referring to the "G. W. affair" it is proper cross-examination to show what was meant by the reference, and after her oral explanation on the stand, to offer other letters written by her showing that she had made a different explanation; the same not being objectionable as collateral matter, but proper as affecting her credibility.

Appeal from a judgment of the superior court for Whatcom county, Hardin, J., entered November 30, 1916, upon the verdict of a jury rendered in favor of the plaintiff, in an action for alienation of affections. Affirmed.

*Kellogg & Thompson,* for appellant.

*Coleman & Fogarty* and *Q. A. Kaune,* for respondent.

[1]Reported in 170 Pac. 1022.

MOUNT, J.—The respondent in this action recovered a judgment for $2,500 in the court below as damages for the alienation of the affections of respondent's husband by appellant. This appeal followed.

Appellant makes two assignments of error to the effect, first, that the court erred in denying appellant's motion for a new trial; and second, in receiving in evidence certain letters written by the appellant.

It is contended that the court erred in denying the motion for a new trial because the evidence on the part of respondent was insufficient to justify a verdict. If the evidence introduced on behalf of the respondent is worthy of belief, there can be no doubt that the appellant alienated the affections of the respondent's husband and enticed him away. The question of the credibility of the witnesses who so testified was one for the jury. The jury evidently believed the evidence offered by the respondent and disbelieved that offered by the appellant. We think there is no merit in the contention that the evidence was not sufficient to go to the jury.

While the appellant was upon the witness stand in her own behalf, her counsel put in evidence a number of letters written by the respondent's husband to the appellant. One of these letters contained the following:

"I hope I have never made you feel that I didn't trust you or ever hurt your feeling about your G. W. affair. You told me about it—all I cared to know. Didn't I tell you that I felt sorry for you and would overlook your past? It's all happened and it's past. You can't have it undone; that's beyond human nature. I don't blame you but was willing to take you as you was. If I could take you now I would."

Upon cross-examination, respondent's counsel asked appellant to explain what was meant by the "G. W. affair" referred to in the statement above quoted. This question was objected to, the objection was denied, and

the witness made an explanation. Thereupon respondent offered certain letters which were identified by the appellant as having been written by her, in which letters she made a different explanation of this "G. W. affair" than she had made orally upon the witness stand. Counsel for appellant objected to the offer of these letters upon the ground that this was a collateral matter and that the letters were incompetent, immaterial and irrelevant. The objection was overruled and the letters were received in evidence. It is unnecessary to decide whether these letters referred to collateral matter. The letters put in evidence by appellant referred to this "G. W. affair." Opposing counsel had a right to have the witness explain what the indefinite reference meant. She did so, and then, upon further cross-examination, respondent sought to show by her that she had made different statements concerning this "G. W. affair." We think this was clearly proper cross-examination as affecting the credibility of the witness. The general rule is stated in 40 Cyc., at page 2480, as follows:

"In the interests of truth and justice it is usual to allow considerable latitude in the examination of an adverse witness, especially where his testimony is in the nature of an opinion, or where the witness is a party testifying in his own behalf, is interested in the litigation, or is hostile to the cross-examining party; and as a general rule any matter which tends either to elucidate or to discredit the testimony given by the witness is a proper subject of cross-examination."

Here the witness was an adverse witness to the respondent. She was testifying in her own behalf. She had offered in evidence the letter which referred to the "G. W. affair." The respondent was clearly entitled to know what was meant by this "G. W. affair," and also entitled to show upon cross-examination, for the purpose of affecting the credibility of the witness,

if for no other purpose, that this witness had made statements in writing at other times different from what she made upon the witness stand. We are satisfied that the trial court did not err in receiving the letters in evidence.

We find no error in the record, and the judgment is therefore affirmed.

ELLIS, C. J., HOLCOMB, and CHADWICK, JJ., concur.